# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS MOORE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-10-1430 |
| HOWARD COUNTY POLICE DEPT. And KEN UHLMAN | * | |
| | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on June 3, 2010, together with a motion for leave to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff is suing Howard County for three separate incidents which he asserts evidence a scheme of harassment. On October 1, 2009, plaintiff claims his car was towed from the driveway of his home "without any citations or prior warnings or probable cause." Paper No. 1 at Attachment 1, p. 1. Secondly, he claims that on May 29, 2007, police were called to a friend's house where he was visiting because someone told them that a break-in had occurred. He further claims that when he called the police department on June 3, 2007, Sergeant Carpenter described himself as a "pit bull" at 5'10", 220 pounds, which plaintiff construed as a threat. Lastly, plaintiff asserts that on May 16, 2004, he was stopped for not wearing a seatbelt, told his license was suspended, arrested, and taken into custody. He states he was taken into custody despite the fact that he showed the officer paperwork indicating that his license was no longer suspended. After he was "subjected to the entire booking process" he was released on his own recognizance.

While there is no statute of limitations contained in the language of 42 U.S.C. §1983, it is well established that the applicable period of limitation for 1983 claims is the state statute of limitations which is most analogous. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007). The appropriate statute of limitation in the instant case is the one Maryland provides for personal-injury torts. *See Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1985). The Maryland personal injury tort statute of limitations is three years from the date of injury. *See* Md. Cts & Jud. Proc., Code Ann. §5-101. Plaintiff's claims regarding incidents which occurred before June 3, 2007, are time barred and must be dismissed.

The claims that are not time-barred concern plaintiff's allegation that his car was improperly towed on October 1, 2009, and his claim that he was threatened over the phone on June 3, 2007. With respect to the latter claim, no cause of action is stated. The statement attributed to the officer does not state a constitutional claim of excessive force or any other abuse of authority. The June 3, 2007 claim will, therefore, also be dismissed.

The claim concerning plaintiff's car being towed on October 1, 2009, must be supplemented before it is permitted to proceed. Plaintiff must supplement the claim with a description of any injury he suffered as a result of his car being towed improperly. Plaintiff is forewarned that failure to supplement his claim will result in dismissal of the remaining claim.

A separate order follows.

June 9, 2010 /s/
Date Catherine C. Blake
United States District Judge