IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THADDEUS MOORE             :
                           :
                           :
    v.                     :        Civil No.CCB-10-1430
                           :
                           :
HOWARD COUNTY POLICE DEPT., et al.  :
                           :
                           :

**MEMORANDUM**

Thaddeus Moore has sued the Howard County Police Department,[1] County Executive Ken Ulman, Sergeant Gordon Carpenter, and Detective Marc Leroux ("the defendants") for deprivation of property without due process of law. Now pending before the court is the defendants' motion to dismiss for failure to state a claim. For the reasons stated below, the defendants' motion will be granted.

**BACKGROUND**

Mr. Moore sued Howard County on June 3, 2010 for three separate alleged incidents. First, Mr. Moore alleged that he was subject to wrongful arrest on May 16, 2004 when the Howard County Police Department arrested him for driving on a suspended license. The court dismissed this claim as time barred in an earlier memorandum issued on June 9, 2010. Second, Mr. Moore alleged that he was threatened over the phone by Sergeant Carpenter on June 3, 2007.

---

[1] The defendants acknowledge that Howard County is the proper named party because the Howard County Police Department is an administrative unit of Howard County. (*See* Defs.' Mot. to Dismiss at 1 n.1).

1

The court also dismissed this allegation on June 9, 2010 for failure to state a claim.[2] Third, Mr. Moore alleged that Detective Leroux ordered the towing of his car "without any citations or prior warning or probable cause" on October 1, 2009. (*See* Pl.'s Compl. ¶ 1(A)). This allegation is Mr. Moore's sole remaining claim. Although Mr. Moore was deprived of his vehicle for less than one day as a result of this incident, he asserts that he suffered property damage to his vehicle, up to six months of financial loss to his business, and emotional distress.

On October 4, 2010, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Moore has opposed the motion.

## **ANALYSIS**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of

---

[2] In his amended complaint, Mr. Moore re-characterizes this incident as evidence of a conspiracy to commit harassment. (*See* Pl.'s Am. Compl. ¶ 1). For the same reasons the court dismissed Mr. Moore's claim on June 9, 2010, the court will also dismiss his claim for conspiracy to commit harassment. The alleged incident between Mr. Moore and Sergeant Carpenter does not state a claim for excessive force or any other abuse of authority.

2

inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

The defendants move to dismiss Mr. Moore's complaint against Howard County for failure to allege facts sufficient to hold the County liable pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). While a municipality is subject to suit under § 1983, *see id.* at 690, liability attaches "only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). A municipality cannot be held liable in a § 1983 action under a theory of *respondeat superior*. *Monell*, 436 U.S. at 694. Under *Monell*, "[l]iability arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell*, 436 U.S. at 694). A municipality is liable when a "policy or custom" is "fairly attributable to the municipality as its 'own,' and is . . . the 'moving force' behind the particular constitutional violation." *Spell v. McDaniel*, 824 F.2d 1380, 187 (4th Cir. 1987) (internal citations omitted). Mr. Moore has failed

to allege that his vehicle was unlawfully towed pursuant to a "policy or custom" attributable to Howard County.  Thus, the defendants' motion to dismiss the complaint against the County will be granted.

Just as a municipality cannot be held liable in a § 1983 action under a theory of *respondeat superior*, a public official or agent "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 1948. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*  Mr. Moore has failed to allege facts to indicate that County Executive Ulman or Sergeant Carpenter were personally involved in the towing of his vehicle; indeed he agrees in his response to the defendants' motion to dismiss that Sergeant Carpenter was not involved. Accordingly, the defendants' motion to dismiss the complaint against County Executor Ulman and Sergeant Carpenter will be granted.

Mr. Moore does allege facts sufficient to establish Detective Leroux's personal involvement in the towing incident.  Mr. Moore asserts that Detective Leroux deprived him of his property without due process of law by ordering the towing of his car without "any citation, prior warning, or probable cause."  This allegation alone, however, is not sufficient to state a claim for deprivation of property without due process of law on either procedural or substantive grounds.  To state a claim for violation of procedural due process, a plaintiff must establish: (1) that he has a property interest; (2) that the state deprived him of the property interest; and (3) the state did so without due process of law.  *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005).  Where a deprivation of property results from conduct

4

pursuant to an established state procedure, post-deprivation remedies do not satisfy procedural due process. *See Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Where a deprivation of property results from the random or unauthorized conduct of a government official, however, the state may satisfy the requirements of due process by providing a meaningful post-deprivation remedy for the loss. *Id.* at 533. Assuming that Mr. Moore's allegations are true, the towing of Mr. Moore's vehicle without legal justification constituted a random or unauthorized act by Detective Leroux. Mr. Moore was able to regain possession of his car within a day by following county procedures and he could have chosen to give notice and pursue a claim under Maryland's Local Government Tort Claims Act. *See Smith v. Danielczyk*, 928 A.2d 795, 814 (Md. 2007) (local employees do not possess a direct immunity and may be sued for tortious conduct). Therefore, the state's post-deprivation tort remedies are sufficient to satisfy the requirements of procedural due process. *See, e.g.*, *Bogart v. Chapell*, 396 F.3d 548, 561 (4th Cir. 2005) (affirming that a state's post-deprivation tort remedies, including viable causes of action for negligence and conversion/trespass to chattels, were adequate to compensate a plaintiff for deprivation of property); *Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) (holding that Maryland's post-deprivation proceedings were adequate because the plaintiff could seek both damages and injunctive relief in a personal injury action in state court).

Mr. Moore also fails to state sufficient facts to support a claim for violation of his substantive due process rights. To state a claim for a violation of substantive due process, a plaintiff must show "(1) that [he] had property or a property interest; (2) that the state deprived [him] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency."

5

*Sunrise Corp.*, 420 F.3d at 328. Even if Detective Leroux intentionally towed Mr. Moore's vehicle with the knowledge that he had no legal justification for doing so, this action is not "so arbitrary and irrational" as to be "incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *See Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995). There is also no reason to believe that the post-deprivation remedy provided by the state could not address the alleged actions of Detective Leroux.

      Accordingly, the defendants' motion to dismiss will be granted. A separate Order follows.

November 15, 2010                                                           /s/
Date                                                                      Catherine C. Blake
                                                                         United States District Judge